| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| |   A Limited Liability Partnership |
| 2 |   Including Professional Corporations |
| | STEVEN O. KRAMER, Cal. Bar No. 79626 |
| 3 | skramer@sheppardmullin.com |
| | JONATHAN D. MOSS, Cal. Bar No. 252376 |
| 4 | jmoss@sheppardmullin.com |
| | 333 South Hope Street, 43rd Floor |
| 5 | Los Angeles, California 90071-1422 |
| | Telephone: 213-620-1780 |
| 6 | Facsimile: 213-620-1398 |
| 7 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| |   A Limited Liability Partnership |
| 8 |   Including Professional Corporations |
| | JONATHAN ROSE (*pro hac vice*) |
| 9 | jrose@sheppardmullin.com |
| | EMILY SEYMOUR COSTIN, Cal. Bar No. 240414 |
| 10 | ecostin@sheppardmullin.com |
| | 1300 I Street, N.W., 11th Floor East |
| 11 | Washington, DC 20005-3314 |
| | Telephone: 202-218-0000 |
| 12 | Facsimile: 202-218-0020 |
| 13 | Attorneys for AMGEN INC., AMGEN MANUFACTURING, LIMITED, KEVIN W. SHARER, RICHARD D. NANULA, CHARLES BELL, FRANK BIONDI, JR., JERRY CHOATE, FRANK HERRINGER, GILBERT OMENN, DAVID BALTIMORE, JUDITH PELHAM, FREDERICK GLUCK, LEONARD SCHAEFFER, ROBERT BRADWAY, DENNIS FENTON and AMGEN FIDUCIARY COMMITTEE |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVE HARRIS, DENNIS RAMOS, JORGE TORRES, and ALBERT CAPPA, On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br>v.<br><br>AMGEN INC., FRANK J. BIONDI, JR., JERRY D. CHOATE, FRANK C. HERRINGER, GILBERT S. OMENN, DAVID BALTIMORE, JUDITH C. PELHAM, KEVIN W. SHARER, FREDERICK W. GLUCK, LEONARD D. SCHAEFFER, ROBERT A. BRADWAY, DENNIS M. FENTON, RICHARD NANULA, CHARLES BELL, GLOBAL BENEFITS<br>   [CAPTION CONTINUED] | Consolidated Case No.: CV 07-05442-PSG (PLAx)<br><br>Honorable Philip S. Gutierrez presiding<br><br>**DECLARATION OF STEVEN O. KRAMER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION**<br><br>[DEFENDANT'S OPPOSITION FILED CONCURRENTLY HEREWITH] |

| | |
|---|---|
| COMMITTEE OF THE BOARD OF DIRECTORS OF AMGEN, PLAN FIDUCIARY COMMITTEE and JOHN DOES 1-50,<br><br>                    Defendants. | |
| DENNIS F. RAMOS, On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AMGEN, INC., AMGEN MANUFACTURING, LIMITED, RICHARD NANULA, FRANK J. BIONDI, JR., JERRY D. CHOATE, FRANK C. HERRINGER, GILBERT S. OMENN, DAVID BALTIMORE, JUDITH C. PELHAM, KEVIN W. SHARER, FREDERICK W. GLUCK, LEONARD D. SCHAEFFER, ROBERT A. BRADWAY, DENNIS M. FENTON, THE FIDUCIARY COMMITTEE, and JOHN DOES 1-50,<br><br>                    Defendants. | Case No.: CV 08-03316-PSG (PLA) |
| DONALD HANKS, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AMGEN, INC., KEVIN W. SHARER, RICHARD D. NANULA, CHARLES BELL, AMGEN GLOBAL BENEFITS COMMITTEE, AMGEN FIDUCIARY COMMITTEE and JOHN and JANE DOES 1-10,<br><br>                    Defendants | Case No.: CV 09-03973-PSG (PLA) |

# DECLARATION OF STEVEN O. KRAMER

I, Steven O. Kramer, declare and state as follows:

1. I am an attorney duly admitted to practice before the courts of the State of California and this Court. I am a partner with the law firm Sheppard Mullin Richter & Hampton, LLP, counsel of record for Defendants Amgen Inc. ("Amgen"), Amgen Manufacturing, Limited ("AML"), Kevin W. Sharer, Richard D. Nanula, Charles Bell, Frank Biondi, Jr., Jerry Choate, Frank Herringer, Gilbert Omenn, David Baltimore, Judith Pelham, Frederick Gluck, Leonard Schaeffer, Robert Bradway, Dennis Fenton and the Amgen Fiduciary Committee (collectively "Defendants"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to each fact. I submit this declaration in support of Defendants' Opposition to Plaintiffs' *Ex Parte* application.

2. Attached hereto as "Exhibit A" is a true and correct copy of a letter dated May 11, 2009 in which Plaintiffs requested that Defendants produce certain documents pursuant to 29 U.S.C. Section 1024(b)(4).

3. Attached hereto as "Exhibit B" is a true and correct copy of a letter dated February 12, 2008 in which Plaintiffs requested that, within 30 days, Defendants produce certain documents pursuant to Section 104(b)(4) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132.

4. Attached hereto as "Exhibit C" is a true and correct copy of a letter dated June 10, 2009 that responded, within 30 days, to Plaintiffs' May 11, 2009

1  request for documents (Exhibit A above).  Defendants produced all of the
2  documents identified in the letter.

4      5.      Attached hereto as "Exhibit D" is a true and correct copy of a letter
5  dated March 10, 2008 that responded, within 30 days, to Plaintiffs' February 12,
6  2008 request for documents (Exhibit B above).  Defendants produced all of the
7  documents identified in the letter.

9      6.      On the evening of March 11, 2010, Plaintiffs sent a letter via fax to my
10 office giving notice of their *ex parte* application.  In the morning on March 12,
11 2010, I spoke with Plaintiffs' counsel and was told that we would receive, and
12 Plaintiffs would file, their *ex parte* papers on Monday, March 15th.  I asked
13 Plaintiffs' counsel what documents they were seeking.  Referring to Plaintiffs'
14 May 11, 2009 letter (Exhibit A), Plaintiffs' counsel said that they wanted the
15 documents identified in the third and fourth paragraphs of that letter pursuant to
16 29 U.S.C. Section 1024(b)(4) and Fed. R. Civ. P. 26(a).  Plaintiffs' counsel also
17 informed me that the same documents were requested in Plaintiffs' February 12,
18 2008 letter.  I told Plaintiffs' counsel that I would review Plaintiffs' letters, Section
19 1024(b)(4) and Rule 26(a) (cited in Plaintiffs' March 11, 2010 letter giving *ex parte*
20 notice) as well as case law regarding the statute and rule.  We agreed to talk again
21 later in the day.

23     7.      In the afternoon on March 12, 2010, after reviewing the statute and
24 Rule and after reviewing case law regarding them, I spoke with Plaintiffs' counsel.  I
25 explained why we saw no basis for Plaintiffs' *ex parte* application and no supporting
26 authority for their position.  I also informed Plaintiffs' counsel that Defendants
27 would oppose their application.

8. There has never been a Rule 26(f) conference in this case and none has been set.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 16th day of March at Los Angeles, California.

*Steven Kramer*

STEVEN O. KRAMER