O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5442 PSG (PLAx) | Date | March 17, 2010 |
|---|---|---|---|
| Title | Steve Harris *et al.* v. Amgen Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order Denying Plaintiffs' *Ex Parte* Application for Production of Plan Documents Under 29 U.S.C. § 1024(b)(4) and Required Disclosures Under Fed. R. Civ. P. 26(a) and for an Order Extending Filing Deadline of Amended Complaint

Pending before the Court is Plaintiffs' *ex parte* Application for Production of Plan Documents Under 29 U.S.C. § 1024(b)(4) and Required Disclosures Under Fed. R. Civ. P. 26(a) and for an Order Extending Filing Deadline of Amended Complaint.  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court DENIES Plaintiffs' *ex parte* application.

I.  Background

On August 20, 2007, Plaintiffs Steve Harris and Dennis Ramos filed a complaint against Amgen, Inc. ("Amgen") and other defendants under the Employee Retirement Income Security Act ("ERISA").  On February 1, 2008, the Court dismissed the complaint, but the Ninth Circuit reversed on July 14, 2009.  *See Harris v. Amgen, Inc.*, 573 F.3d 728 (9th Cir. 2009).  According to the Ninth Circuit opinion, "Plaintiffs [were] entitled by law to amend their Complaint to assert claims against the proper fiduciaries of the Amgen and [Amgen] Manufacturing Plans." *Id.* at 737.

On November 11, 2009, Plaintiffs Steve Harris, Dennis Ramos, Jorge Torres, and Albert Cappa (collectively, "Plaintiffs") filed a Class Action Consolidated Complaint, and the Court granted Defendants' motion to dismiss on March 2, 2010.  According to the Order, Plaintiffs failed to state a claim against Defendants, and failed to sue the proper fiduciaries of the Amgen

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5442 PSG (PLAx) | Date | March 17, 2010 |
|---|---|---|---|
| Title | Steve Harris *et al.* v. Amgen Inc. *et al.* | | |

and Amgen Manufacturing Plans. *See* Dkt. #158. The Court permitted Plaintiffs to file an amended complaint within 21 days of the Order. On March 15, 2010, eight days before the deadline, Plaintiffs filed an *ex parte* application for the production of certain documents and for an extension of time for filing an amended complaint. On March 16, 2010, Defendants filed a timely opposition.

II.     Legal Standard

The law on *ex parte* applications is well-settled in this Circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.    Discussion

Plaintiffs' *ex parte* application seeks the production of "documents relating to the operation of the Plans such as the appointment of the Fiduciary Committee, resolutions of the Board of Directors appointing a Fiduciary Committee and any other documents concerning the appointment, removal and duties of such fiduciaries." *App.* 5:13-16. Plaintiffs argue that such documents are required to correct deficiencies in the Consolidated Complaint. *See id.* 2:18-21 ("To address the numerous and detailed pleading and factual deficiencies identified by the Court, Plaintiffs require documents related to the management, administration and operation of the Plans and the identification of the persons to whom the management and operation of the Plans have been entrusted."). The document production is sought under either § 104(b)(4) of ERISA or Federal Rule of Civil Procedure 26(a). Additionally, Plaintiffs seek an extension of the Court-imposed deadline for filing an amended complaint to review the requested production and incorporate the new information in the amended complaint. *See id.* at 3:8-11.

Defendants oppose the *ex parte* application on the following grounds: (1) the *ex parte* is untimely as Plaintiffs have known since the Ninth Circuit reversal that they would need to file an amended complaint; (2) § 1024(b)(4) is limited in scope and does not require the production of the requested documents; and (3) Defendants are not obligated under Rule 26(a) to disclose the requested documents because a Rule 26(f) conference has yet to occur and the rule would not require production of the actual documents.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5442 PSG (PLAx) | Date | March 17, 2010 |
|---|---|---|---|
| Title | Steve Harris *et al.* v. Amgen Inc. *et al.* | | |

Section 1024(b)(4) requires the production of "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or *other instruments under which the plan is established or operated*." 29 U.S.C. § 1024(b)(4) (emphasis added). While Plaintiffs attempt to fit their request within the "other instruments" category, *see App.* 5:13-18, the Ninth Circuit "limits the universe of documents falling within [the "other instruments" category] to documents similar in nature to those specifically identified, which describe the terms and conditions of the plan, as well as its administration and financial status," *Hughes Salaried Retirees Action Cmte. v. Adm'r of Hughes Non-Bargaining Ret. Plain*, 72 F.3d 686 (9th Cir. 1995) (en banc). Thus, it is not clear that disclosure is required under § 1024(b)(4). Furthermore, production of the requested documents is not required at this stage under Rule 26(a) because a scheduling conference has not occurred. *See Opp.* 7:14-16; *see also* Fed. R. Civ. P. 26(a)(1)(C) (requiring initial disclosures within 14 days after the parties' Rule 26(f) conference); Fed. R. Civ. P. 26(f)(1) (requiring parties to confer "at least 21 days before a scheduling conference").

Although Plaintiffs claim that they will be prejudiced if *ex parte* relief is not granted, *see App.* 3:12-13, Plaintiffs are not without fault because they failed to seek production of the requested documents prior to filing the Class Action Consolidated Complaint. As noted by Defendants, Plaintiffs were aware that they would have to file an amended complaint after the Ninth Circuit reversal on July 14, 2009. *See Opp.* 2:16-17. However, based on information contained in Plaintiffs' *ex parte* application, it appears that Plaintiffs only requested the relevant documents on February 12, 2008 and May 11, 2009. *See Manifold Decl.* ¶ 2, Ex. C (requesting all documents related to the Amgen Manufacturing Plan that "identify the fiduciaries of the Plan); *id.* ¶ 4, Ex. D (requesting all documents that "identify the Plan fiduciaries"). There is no evidence that Plaintiffs made any request for production of the relevant documents or a motion for expedited discovery after the July 14, 2009 Ninth Circuit reversal and before the *ex parte* application. Furthermore, Plaintiffs do not attempt to establish excusable neglect for the delay.

To justify *ex parte* relief, applicants must demonstrate why they should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g*, 883 F. Supp. at 492. That showing is absent from Plaintiffs' application. Moreover, "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *Id.* As noted above, Plaintiffs have failed to explain why they waited until March 15, 2010 to seek production of documents identifying the fiduciaries of the Plans. Therefore, Plaintiffs' *ex parte* application for production of documents

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5442 PSG (PLAx) | Date | March 17, 2010 |
|---|---|---|---|
| Title | Steve Harris *et al.* v. Amgen Inc. *et al.* | | |

is DENIED.[1]  As the request for production is denied, the Court also DENIES Plaintiffs' request for an extension of time to review the documents.

IV. <u>Conclusion</u>

Based on the foregoing, the Court DENIES Plaintiffs' *ex parte* application.

**IT IS SO ORDERED.**

---

[1] The Court observes that, following the filing of an amended complaint in this action, Defendant may be required to produce documents identifying the fiduciaries of the Plans.  *See* Fed. R. Civ. P. 26(a)(1)(A) ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated *or ordered by the court* . . . .").